**Opinion issued March 12, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

**NO. 01-25-00284-CR**

**NO. 01-25-00286-CR**

————————————————

**JOHN PABLO RIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 23-CR-2224, 23-CR-2226**

## MEMORANDUM OPINION

Appellant John Pablo Rios pled guilty to first-degree-felony manufacture or delivery of a controlled substance (Case No. 01-25-00284-CR) and third-degree-felony unlawful possession of a firearm by a felon (Case No. 01-25-00286-CR). *See* TEX. HEALTH & SAFETY CODE § 481.112(d); TEX. PENAL CODE § 46.04(e).

After a punishment hearing to the bench, the trial court assessed punishment of twenty years' confinement for the former offense and five years' confinement for the latter, with the sentences to run concurrently. Rios appealed.

On appeal in each case, Rios's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In his briefs, counsel states that he has thoroughly reviewed the records and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's briefs meet the *Anders* requirements because they present professional evaluations of the records and supply the Court with references to the records and legal authorities. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Rios's counsel informed this Court that he mailed copies of the motions to withdraw and *Anders* briefs to Rios and informed him of his right to access the appellate records and file pro se responses. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 408–09. This Court also notified Rios at his last known address of his right to access the records

and file responses, and it provided Rios with form motions to access the records. *See Kelly*, 436 S.W.3d at 321–22.

Rios did not file a pro se response to the *Anders* brief in either case. The State waived its right to file a response to the *Anders* brief in both cases.

We have independently reviewed the entire record in these appeals. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the records, that there are no arguable grounds for review, and that the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—not counsel—determines, after full examination of the proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We affirm the judgments of the trial court and grant counsel's motions to withdraw. *See* TEX. R. APP. P. 43.2(a). Appointed counsel still has a duty to inform Rios of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id*. at 827 & n.6.

Attorney Mark W. Stevens must immediately send the required notices and file copies of those notices with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).